## PIROS v INTERNATIONAL WORKERS ORDER, INC.

Ohio Appeals, 9th Dist, Lorain Co

No 873. Decided April 27, 1938

Levin & Levin, Lorain, for appellee.
Land & Land, Cleveland, for appellant.

## OPINION

By WASHBURN, J.

Peter Piros, as beneficiary of an insurance contract made by the International Workers Order, Inc., brought an action to recover the amount which said insurance company promised to pay to him upon the death of his wife.

The petition alleges that said insurance company was a corporation organized and existing under the laws of the state of New York, and that it was licensed to engage in the life insurance business in the state of Ohio, and that it was so engaged. There is an allegation that the terms and conditions of said agreement were complied with on the part of the insured and the beneficiary, that the death occurred, that proof thereof was duly made, and that the certificate of said insurance company evidencing the contract was, after said death, surrendered to said insurance company, but that the company refused to pay said loss.

The answer admitted that the International Workers Order, Inc., "is a corporation, organized and existing under the laws of the state of New York and licensed to do insurance business in the state of Ohio," admitted that the insurance contract was entered into, and plead, as the only defense to the action, that the insured made false representations in her application for insurance and thereby practiced a fraud upon the insurance company, and that by reason thereof the plaintiff was not entitled to any benefits under said contract.

As to said defense, it was alleged in the amended reply that due demand was made upon the insurance company for a certified copy of such application and that such demand was not complied with, and that therefore, under §9387 and 9388, GC, the insurance company was barred from setting up its said defense, and that it was also so barred by reason of the fact that it failed and neglected to return with the insurance contract, and as a part thereof, a full and complete copy of such application, as required by §9389, GC.

At the time the case came on for trial, none of the pleadings in any way indicated whether or not said company was a regular life insurance company, to which said sections (9387 to 9389) applied, or was a fraternal benefit society, as defined in §9462, GC, and to which, by the express provisions of §9465, GC, said sections (9387 to 9389) do not apply.

In the opening statement of the defense, counsel for the insurance company stated that they expected to prove that the company was a fraternal benefit society; and, upon objection being made to that statement, said counsel were permitted to amend the answer by interlineation to state that said company was doing business in the state of Ohio "as a fraternal benefit society." That allegation was denied by the amended reply. The trial then proceeded.

At the trial, facts were admitted which entitled the plaintiff to recover, unless said defense of false representation was available to the insurance company. Thus the case turned upon the question of whether the company was a fraternal benefit society; and as to that matter, the burden of proof was upon the company.

The company offered and the court admitted evidence tending to prove the falsity of said representations, and the company also offered evidence to sustain its allegation that it was a fraternal benefit society—which latter evidence was admitted and consisted of a certified copy of its articles of in-

corporation, which establish that under §234 of Article VII of the insurance law of New York it was a "fraternal beneficiary society" and which evidence also consisted of a printed copy of what purported to be the constitution and by-laws of said company effective June 1, 1935. Said printed copy was not certified, but under the admissions of counsel for Piros was nevertheless rightly admitted in evidence, and there was also some oral evidence having a bearing upon the character of the corporation; but no certified copy of the certificate permitting the defendant to do business in Ohio was offered, which, if offered, would have prima facie indicated the character of the business which the company was authorized to do in Ohio.

Time was taken by the trial judge to read and consider the evidence thus offered, and upon such consideration the court ruled that such evidence did not show the company to be a fraternal society under the Ohio law set forth in §9462, GC, which provides that "Any corporation, society, order or voluntary association, without capital stock, organized and carried on solely for the mutual benefit of its members and their beneficiaries, and not for profit, and having a lodge system with ritualistic form of work and representative form of government, and which shall make provision for the payment of benefits in accordance with section 5 hereof, is hereby declared to be a fraternal benefit society," and the court accordingly charged the jury that said sections (9387 to 9389) applied, and that if the demand for a copy of the application was made as claimed (it being admitted that the company did not furnish said copy), the sections hereinbefore referred to precluded the company from making said defense of false representations in the application for insurance; and the jury returned a verdict in favor of said Peter Piros for the full amount of the certificate of insurance.

Was the trial court in error in determining as a matter of law that said

company was not a fraternal benefit society?

That issue was made; and considering the manner in which such issue was raised, if there was any dispute in the evidence, the burden of proof was upon the company; but in this case there was no conflict in the evidence as to any controlling fact as to the character of the company.

The question of whether an association is a beneficial association is ordinarily determined y its objects as expressed in its charter or articles and by-laws, and its mode of operation and the nature of the contracts between it and its members. The bill of exceptions discloses that the evidence as to these matters is in writing, and we are of the opinion that the trial court erred in determining from the evidence in this record that the company was not a fraternal benefit society within the meaning of §9462, GC, and we are of the opinion that the trial court should have found that it was such.

As said ruling of the court denied to the company the right to have considered the only defense it attempted to make, said ruling was necessarily prejudicial, and for such error the judgment is reversed and the cause remanded for a new trial.

STEVENS, PJ. & DOYLE, J., concur in judgment.